

| | | |
|---|---|---|
| ABRAHAM WOLF, | § | No. 08-14-00236-CV |
| Appellant, | § | Appeal from the |
| v. | § | 346th District Court |
| GARY STARR and BONNIE STARR, | § | of El Paso County, Texas |
| | § | (TC# 2012DCV05225) |
| Appellees. | § | |
| | § | |

## ORDER

On October 15, 2015, Appellant Abraham Wolf filed a suggestion of bankruptcy in this Court which stated that he had filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Texas in Cause No. 15-31477.

Appellant is currently litigating pro se in this Court, as are Appellees.

We have reviewed the status of the bankruptcy proceedings identified in the 2015 suggestion of bankruptcy. Our review of PACER records indicate that the bankruptcy case docketed in Cause No. 15-31477-hcm was terminated on May 2, 2018, and that the case is now closed. A screenshot of the PACER record appears below:

---

**15-31477-hcm** Abie Wolf
**Case type:** bk **Chapter:** 7 **Asset:** Yes **Vol:** v **Bankruptcy Judge:** H. Christopher Mott
**Date filed:** 09/22/2015 **Date of last filing:** 06/19/2019
**Date terminated:** 05/02/2018

## Pending Statuses

| Status | Begin Date | Time in Status | # | Status Set By |
|---|---|---|---|---|
| Case Closed | 05/02/2018 | 855 days | ⊙ | Close Bankruptcy Case |

The PACER docket entries for Cause No. 15-31477-hcm also indicates that an appeal was taken to the United States Court of Appeals for the Fifth Circuit, and that the United States Supreme Court denied a petition for writ of certiorari on June 17, 2019. Based on our understanding of the PACER docket in the bankruptcy case, it appears that the bankrupcy case has been finally resolved, meaning in turn that the bankruptcy stay is no longer in effect.

Ordinarily, the reinstatement of proceedings in this Court that are subject to a bankruptcy stay may be accomplished only after a party has moved to reinstate the appeal. *See* TEX.R.APP.P. 8.3(a). However, the Court on its own iniative may, to expedite a decision or for other good cause, suspend a rule's operation and order a different procedure. *See* TEX.R.APP.P. 2.

Given the significant delay in the resolution of this appeal, given that bankruptcy proceedings in the cause number identified by the suggestion of bankruptcy apparently terminated more than two years ago without notice to this Court, given that both Appellant and Appellees are currently litigating this appeal pro se, given that neither Appellant nor Appellees are attorneys who would be familiar with the bankruptcy stay procedures set out in the Texas Rules of Appellate Procedure, and given that delaying action further in this case to allow for the filing of a motion to reinstate from one of the parties would not further the interests of justice, we hereby invoke our authority under Rule 2 to suspend the operation of Rule 8.3(a) in this case. We order the following substituted procedure in its place:

On our own motion, we ORDER that this appeal be REINSTATED and that the abatement of proceedings in this Court be hereby LIFTED. Given that merits briefs have already been filed in this matter, we will proceed with our consideration of this case on the merits.

**IF THIS COURT HAS ERRED IN DETERMINING THAT THE BANKRUPTCY STAY IN CAUSE NO. 15-31477-HCM IS NO LONGER IN EFFECT, AND PROCEEDINGS IN THIS COURT ARE IN FACT STILL SUBJECT TO THE EXISTENCE OF A VALID AUTOMATIC BANKRUPTCY STAY, THE PARTIES ARE DIRECTED TO \*\*\*IMMEDIATELY\*\*\* INFORM THIS COURT OF THAT FACT AND TO PROVIDE PROOF AND AN EXPLANATION AS TO HOW THE STAY REMAINS IN EFFECT. UPON RECEIPT OF SUCH PROOF, THE COURT WILL TAKE ANY FURTHER ACTIONS THAT ARE NECESSARY AND APPROPRIATE, INCLUDING REINSTATING AN ABATEMENT.**

IT IS SO ORDERED THIS 4TH DAY OF AUGUST, 2020.


PER CURIAM


Before Alley, C.J., Rodriguez, and Palafox, JJ.

2